VINING, Senior District Judge,
concurring in part and dissenting in part:
While I concur in the majority’s conclusion that the appellants’ requests for injunctive and declaratory relief are moot, I cannot agree with its finding that the appellants have waived their claim for money damages. Accordingly, I respectfully dissent from Part III of the majority opinion.
As the majority observes, the appellants specifically alleged in their complaint that a member of the senior class delivered a prayer at the June 7,1993, Mandarin Senior High School graduation exercises at which appellants Adler, Jaffa, and Zion graduated. Consistent with this allegation and their request for money damages, the appellants also alleged that the prayer was a direct consequence of the Duval County School District policy at issue in this ease.[1]
*1482 On May 4, 1994, the district court granted the appellees’ motion for summary judgment, concluding that the Duval County School District policy was not unconstitutional. The district court neither discussed nor analyzed the appellants’ claim for money damages in its memorandum opinion and order.[2] Instead, after dismissing all of the appellants’ constitutional challenges to the instant policy, the district court entered final judgment for the appellees. It never, explicitly or implicitly, addressed, in any substantive fashion, the appellants’ damages claim.[3]
Despite the uncontroverted fact that the district court never addressed or analyzed the appellants’ claim for money damages in its memorandum opinion and order, the majority concludes that the appellants’ failure to “fully brief’ their money damages claim on appeal constitutes a waiver of that claim.[4]
Because I find that the appellants properly and adequately briefed and argued on appeal the only issue actually addressed and decided by the district court, i.e., the constitutionality of the instant policy, I disagree with the majority’s decision.[5]
As the district court implicitly recognized, it was absolutely unnecessary for it to engage in any analysis of the appellants’ claim for money damages after it determined that the instant policy was not unconstitutional. The district court properly expressed no opinion regarding the propriety of the appellants’ money damages claim subsequent to holding that the policy at issue survived constitutional scrutiny because, under the facts of this case, the appellants were not entitled to money damages, or injunctive or declaratory relief for that matter, absent a finding that the subject policy was unconstitutional.[6] *1483 Consistent with the district court’s ruling, the appellants, therefore, properly focused upon the alleged errors committed by the district court in its constitutional analysis. Under these circumstances, I am not aware of any legal theories, principles of equity, or appellate rules, including those cited by the majority, that support the majority’s waiver position.
Since I conclude that the appellants sufficiently raised their claim for money damages in their complaint, properly alleged that such damages were the direct consequence of an unconstitutional policy, and properly and adequately challenged in their appellate briefs and during oral argument the only issue actually addressed and decided by the district court, I cannot agree that the appellants have waived their claim for money damages on appeal. Consequently, I would reach the merits of the constitutional arguments raised in this case and would, if necessary, remand the matter to the district court for a hearing on all relevant factual and legal issues relating to the appellants’ claim for money damages.[7]

. The appellants' complaint is replete with additional specific and particularized allegations that outline other instances in which senior class rep *1482 resentatives delivered religious messages at other Duval County high school commencement ceremonies. Moreover, the appellants specifically allege that these prayers were delivered as a result of the subject school district policy.

. In fact, the district court referenced the appellants' claim for money damages only once in its twenty-two page memorandum opinion and order. In its introduction, the court, after observing that the appellants sought injunctive relief, noted that they "also sought declaratory relief and damages.” R4-123-2. This was the district court’s sole reference to the appellants’ money damages claim. The district court thereafter extensively analyzed the constitutional issues presented in this case without ever addressing, even in the most perfunctory fashion, the appellants' money damages claim.

. I am not implying that the district court erred by failing to analyze the appellants’ claim for money damages. Once the district court ruled that the subject policy was not unconstitutional, it was unnecessary for the court to consider the appellants' claim for monetary damages. Indeed, any discussion by the district court of money damages at that point would have been dicta.

. Although the appellants may have agreed with the district court's assertion at the pretrial hearing that their prayer for injunctive relief was ninety-nine percent of the relief sought in this matter, such a concurrence provides no persuasive support for the proposition that the appellants waived their claim for money damages on appeal or that they did not seriously seek monetary damages. To the extent that the majority states otherwise, I do not concur.

. Although the appellants did not discuss in great detail during oral argument the evidence supporting their money damages claim, they did, as the majority notes, reference and acknowledge the existence of such a claim.

.While the constitutionality of the instant policy is not dispositive of the appellants’ money damages claim, the appellants' claim for money damages, like their requests for injunctive and declaratory relief, clearly does depend upon the constitutionality of the subject policy. I disagree with the majority's assertion to the contrary. The appellants’ only claim for money damages relates to the prayer delivered at the Mandarin graduation. As I have previously explained, the appellants specifically alleged in their complaint that this prayer was given as a direct result of the policy at issue in this case.
The appellants did not allege in their complaint, or assert at any time in the course of this litigation, that any individual defendant acted unconstitutionally, except when acting pursuant to the purportedly unconstitutional Duval County-School District policy. For example, the appellants did not allege in their complaint that the Mandarin principal, Dalton Epting, acted independently, rather than pursuant to the policy at issue, when he permitted the senior class representative to deliver the prayer at the Mandarin graduation ceremony. The majority’s suggestion that Epting might be liable if he independently mandated, required, or directed that a prayer be given appears only in the majority opinion. The appellants have never advanced this theory of liability, and there are no factual allegations in their complaint to support such a theory. Thus, consistent with the appellants' allegations in their complaint, the claim for money damages does depend directly upon the constitutionality of the subject policy.

. I am cognizant of the fact that the constitutionality of the instant policy is not dispositive of the issue of money damages. Even if this court were to find that the subject policy is unconstitutional, the appellants would not automatically be entitled to money damages. Rather, the appellants would still be required to prove, as they alleged in their complaint, that the prayer delivered at the Mandarin graduation was given as a result of the subject policy.
If this court were to conclude that the instant policy is unconstitutional, the appellees, contrary to the majority’s assertion otherwise, would have an ample opportunity to “argue that they were not legally responsible for the prayer delivered at the appellants’ graduation." If this court concluded that the subject policy did not survive constitutional scrutiny, the court would then remand the damages issue to the district court. On remand, both the appellants and appellees would have the opportunity to argue the merits of the appellants’ damages claim. After reviewing all of the relevant evidence and hearing arguments from the appellants and appellees, the district court would thereafter determine whether the appellants were entitled to the money damages that they have requested.